ECM ENTERPRISES, INC., d/b/a
Ace Electric, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

National Labor Relations
Board, Petitioner,

v.

Thomas H. Roberts, d/b/a Ac Electric
a/k/a Boyce Enterprises, Inc.,
Respondent.

No. 01–1208, 01–1269.

United States Court of Appeals,
District of Columbia Circuit.

April 3, 2003.

Before SENTELLE, HENDERSON
and TATEL, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This cause was heard on the record from
the National Labor Relations Board

(Board) and on the briefs and arguments of counsel. It is

■ **ORDERED** that in No. 01–1208 the petition for review be denied and the cross-application for enforcement be granted and that in No. 01–1269 the application for enforcement be granted. As to respondent Thomas H. Roberts, d/b/a AC Electric a/k/a Boyce Enterprises, Inc. (Roberts/AC/Boyce) in No. 01–1269, default judgment is entered pursuant to Fed. R.App. P. 15(b)(2). As to petitioner ECM Enterprises, Inc., d/b/a ACE Electric (ECM), the court concludes substantial evidence supports the Board's decision to hold ECM liable for the award of reinstatement and backpay in favor of two discriminatees because ECM was a successor with knowledge of its predecessor's unfair labor practices, namely interrogating two job applicants about their union activities and conditioning employment offers upon their giving up union membership. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 170, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973) (upholding Board's authority to impose successor liability for reinstatement and backpay where substantial evidence supported Board conclusion that bona fide purchaser of business acquired and continued business with knowledge of predecessor's unfair labor practice). In light of this disposition, the Board's motions to correct caption and to strike are denied as moot.

■ The Board reasonably determined that ECM is a successor employer to Roberts/AC/Boyce because there is "substantial continuity" between the enterprises. *See CitiSteel USA, Inc. v. NLRB*, 53 F.3d 350, 353 (D.C.Cir.1995) ("A new employer is a successor if there is 'substantial continuity' between the enterprises.")(quoting *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987)).

The Board found, based on substantial evidence in the record, that ECM obtained substantial assets from Roberts/AC/Boyce, it shared an address and telephone listing, it relied heavily on subcontracting work for and referrals from the same contractor and a majority of its employees had previously worked for Roberts/AC/Boyce, including owner/manager Roberts himself who supervised all of ECM's electrical work.

The Board also reasonably determined that ECM's owner, Edmond A. Martin, had notice of the unfair labor practice charges pending against Roberts/AC/Boyce when he formed ECM, given Martin's and Roberts's working relationship at ECM and previously and the evidence that Martin had received a questionnaire from the Board related to Roberts/AC/Boyce's unfair labor practice proceeding as part of Martin's work for a general contractor that had used Roberts/AC/Boyce on many projects. *Cf. Golden State*, 414 U.S. at 173–74 (inferring from documentary evidence successor's knowledge of unfair labor practice).

■ Finally, we uphold the determination of the periods for which backpay is due. The Board reasonably rejected the administrative law judge's finding of unspecified "special and somewhat novel circumstances" justifying deviation from the usual rule of successor joint and several liability. *See generally Golden State, supra.* The Board also reasonably declined to toll the backpay period of discriminatee Raymond Rothamel for failing to mitigate his losses during the period he operated his own electrical business, "Watts Up," as the record indicates that during this time he was both seeking other employment and performing jobs for other contractors. Similarly justified was the decision not to finally terminate the discriminatees' backpay once the employees AC/Boyce hired in

their place were laid off because the petitioner failed to rebut the presumption that the discriminatees would have been rehired once business picked up and Roberts/AC/Boyce resumed hiring. *See Tualatin v. NLRB,* 253 F.3d 714, 717–18 (D.C.Cir.2001).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.